## GEORGE LAMPARTER
### *v.*
## AUGUST WALLBAUM.

1. NEGLIGENCE. Where a person receives an injury occasioned by the negligence of another, he will be entitled to recover, unless by his own fault he has materially contributed to the injury.

2. LANDLORD AND TENANT — *of an entry by the former to make repairs or improvements.* A tenant does not lose possession in any sense that would impair his own rights, merely because a person enters under the direction of the landlord to make repairs or improvements; and if, during the progress of such repairs or improvements so being made by the direction of the landlord, the tenant received personal injuries by reason of the negligent manner in which such repairs or improvements were being done, the tenant not materially contributing to the injury by his own fault or negligence, the party whose negligence occasioned the inquiry must respond to him in damages.

3. And if an employee of such tenant, while in the line of his duty as such, receives injuries from such negligence on the part of the person doing the work, the latter must respond to him also in damages. So, where the tenant was occupying the premises as a retail merchant, and a person under the direction of the landlord entered thereon to excavate a cellar under the building, and, while such excavation was in progress, a lady customer of the

store, while in passing, had her hat blown off and into the excavation, and the clerk in the store, at her request, went under the building to get the hat, and while in the act, the building fell, in consequence of the negligent manner in which the landlord's servants did the work, and the clerk was injured thereby; it was *held*, that the clerk was in the line of his duty as such, as an act of civility and courtesy, and the party who so negligently did the work was liable to him in damages for the injuries so received, the clerk not materially contributing to the injury by any fault or negligence of his own.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action on the case, brought by George Lamparter against August Wallbaum, in the Superior Court of Chicago, to recover damages sustained by the plaintiff by the falling of a building, through the careless and negligent manner in which the defendant was excavating and removing the dirt from under the same. Plea of general issue. Trial by a jury, and verdict for the defendant. A motion for a new trial was overruled, and judgment rendered on the verdict.

The facts are fully stated in the opinion of the court.

Messrs. COPELAND & CRAM, for the plaintiff in error.

Messrs. HERVEY, ANTHONY & GALT, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The defendant, Wallbaum, was employed by the owner of a building, occupied as a store in the city of Chicago, to excavate a cellar underneath it. The building had been raised and placed on posts. While the defendant's servants were excavating, a lady, who was a customer of the store, was passing, and in doing so her hat blew off, and fell into the cellar. She stepped into the store and requested the plaintiff, who was the clerk, and at the time was alone, to go into the cellar and bring her hat. He went, and while there the building fell and injured him. To recover damages for these injuries he brought this suit. The declaration charges negligence against the defendant in the manner of making the excavation, and evidence

was offered for the purpose of proving it. After the proof was heard, the court gave the following instruction for the defendant:

"The court instructs the jury, as matter of law, that, it being admitted in this case, that the plaintiff in this cause, a clerk of the occupant of the store in the building which fell, and there at the time of the injuring the plaintiff, was under the building when it fell for a purpose not connected with his duties as such clerk, and, in consequence of being under the building, received the injuries complained of, then the jury are instructed that the plaintiff's duty as such clerk did not require or justify him in going under the building for the purpose admitted, and therefore the court instructs the jury, that the plaintiff in this case under the facts admitted cannot recover, and the jury should find for the defendant."

It will be observed, the court, in taking the case from the jury on the agreed facts, referred to in the foregoing instruction, holds the plaintiff to have had no right to go under the building for the purpose specified, and that he was injured in consequence of his own wrongful act, and cannot therefore recover. In this view we cannot concur. The defendant had no exclusive possession of the cellar where he was excavating. He was there only for that purpose, and his possession was consistent with the continued possession of the plaintiff's employer who had the store. The latter was not ousted by the defendant. He had still the right to go upon any part of the premises held by him under the owner, and, having that right himself, his clerk or servant had the same right, if made necessary by the duties of his employment.

The person who lost her hat is described in the record as "a lady customer of the store." She requested the clerk to procure it for her, a thing doubtless of difficult accomplishment for herself in consequence of the character of the excavation. Not only ordinary courtesy and kindness required the clerk to comply, but compliance was required by a proper regard for the interests of his employer. It hardly needs to be remarked,

that the interest of the master of a retail shop imposes upon his employees the duty of civility toward the public at large, and especially toward those who deal with him. It would have been an act of gross incivility on the part of this clerk if he had refused to procure the lady's hat, and would doubtless have met the severe censure of his employer. In this view of the case, this instruction errs in telling the jury that the plaintiff's duty as clerk did not justify him in going under the building. He was there in the right and interest of his employer, who had not lost possession by the entry of defendant for the purpose of excavation. A tenant does not lose possession in any sense that would impair his own rights merely because a person enters under the direction of the landlord to make repairs or improvements.

This instruction for the defendant should have been refused, and the jury should have been told, that, if the injury complained of was shown by the evidence to have been occasioned by the carelessness of the defendant or his employees in excavating, they should find for the plaintiff, unless they believed, from the evidence, that the plaintiff by his own fault or negligence materially contributed to the injury; and that he had the right to enter the cellar for the purpose stated in this record, using reasonable care and prudence and not obstructing the work of the defendant.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*